UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Lee Jamaal Gary, # 328, | ) | C/A No.  6:15-4164-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Greenville County Detention Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court because of Plaintiff's failure to comply with the

magistrate judge's orders of October 13, 2015 (doc. 8) and November 12, 2015 (doc. 13).

A review of the record indicates that the magistrate judge ordered Plaintiff to submit the

item needed to render this case into "proper form" within twenty-one (21) days, and that

if he failed to do so, this case would be dismissed *without prejudice*.  Specifically, the

magistrate judge directed Plaintiff to sign the signature page of the complaint and return

the signed signature page to the Clerk's Office in Greenville.  On October 13, 2015, the

Clerk's Office mailed to the Plaintiff, at his jail address, a copy of the magistrate judge's

order and a copy of the signature page of the complaint.  The envelope containing the

magistrate's judge's order and the copy of the signature page of the complaint was

returned to the Clerk's Office on October 28, 2015, as undeliverable (doc. 10).

Plaintiff, apparently, "bonded out" on his pending charges in Greenville

County.  As a result, Plaintiff did not receive the court's order of October 13, 2015, which

directed him to sign the complaint's signature page.  Hence, in the order of November 12,

2015, the magistrate judge directed that the "proper form" document (the signature page

of the complaint) be sent to Plaintiff's home address listed on page 2 of the complaint. Plaintiff has not responded to the magistrate judge's order of November 12, 2015.

No change of address notice has been received from Plaintiff. Since Plaintiff, in the above-captioned case, has not provided this Court with a current address at which he can receive mail pertaining to his case, he has failed to prosecute this action. *Cf. Link v. Wabash Railroad Company*, 370 U.S. 626, 633–35 (1962). Moreover, the United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where *pro se* litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See, e.g., Woltz v. Chater*, No. 95-2539, 74 F.3d 1235 [Table], 1996 WL 23314, at *1 (4th Cir. Jan. 23, 1996); *cf. In Re Hebron*, No. 95-8012, 64 F.3d 657 [Table], 1995 WL 501350, at *1 (4th Cir. Aug. 25, 1995) (mandamus relief denied where *pro se* litigant failed to notify district court of his change of address); and *United States v. Battle*, 993 F.2d 49, 49 (4th Cir. 1993) (failure to notify probation officer of change of address is a violation of terms of supervised release).

Accordingly, the above-captioned case is dismissed *without prejudice*. The Clerk of Court shall close the file.[*]

IT IS SO ORDERED.

December 21, 2015
Charleston, South Carolina

Richard M. Gergel
United States District Judge

---

[*] Under the General Order (Misc. No. 3:07-MC-5014-JFA) filed on September 18, 2007, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201).

2

## NOTICE OF RIGHT TO APPEAL

Plaintiff is, hereby, notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.